IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | |
| THADDEUS RHODES, | : | NO. 1:19-CR-73-AT-LTW |
| | : | |
| Defendant. | : | |
| | : | |

# ORDER

## I. Introduction

This case arises on Defendant Thaddeus Rhodes's ("Mr. Rhodes") Motion to Suppress Evidence Obtained from Cell Tower Dumps. (Docs. 37, 43.)[1] Mr. Rhodes was initially indicted on February 19, 2019. The indictment included sixteen counts and charged Defendant with nine counts of Hobbs Act armed robbery, in violation of 18 U.S.C. § 1951, and seven counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. 1.)

The Defendant's Motion sought the suppression of any information gleaned from the cell tower dumps and all fruits of any formation gleaned from the cell tower dumps. The Motion principally relied on the Supreme Court's decision in Supreme Court's in *Carpenter v. United States,* 138 S.Ct. 2206 (2018), which held law enforcement was required to apply for and obtain a judicial warrant to monitor or obtain voluminous, detailed cell phone information of a

---

[1] The Defendant's Motion at Doc. 43 is an expanded version of the Motion filed at Doc. 37.

person's physical presence compiled over a lengthy period. The Magistrate Judge's Report and Recommendation on the Motion recommends that the Motion to Suppress be denied. (Doc. 57.) Defendant's objections to that Recommendation are now before this Court. (Doc. 66.)

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a de novo basis and any non-objected portion on a "clearly erroneous" standard. Accordingly, the Court has reviewed the Defendant's motions on a de novo basis as Defendant's objections go to the essence of the Magistrate Judge's evidentiary and legal analysis supporting the R&R's conclusions.

## II. Discussion

The Government obtained an order pursuant to 18 U.S.C. § 2703(d) for 12 cell tower dumps in connection with its investigation of the robberies at issue here. The Government's application sought identifying information for all phones within the radius of twelve different towers on twelve separate days for specific, limited identified hours as well as the telephone numbers each of those phones called or were called by, the date, time, and duration of each communication and the type of communication (*i.e.*, whether text or phone call). The twelve identified cell towers serviced cell phone communications made in the radius of the commercial sites where the robberies at issue had occurred in the

time frame between October 19, 2017 and July 28, 2018 in metropolitan Atlanta. At the time that the Government pursued this application, it already had collected a significant amount of information regarding the common patterns identified in the robberies conducted by one or more individual suspects who appeared to frequently be using a silver Nissan car for transportation. (Doc. 44, Ex. 1 at 14-18.)

Data on calls made by hundreds of individuals from the cell tower dumps was collected in the process of the Government's search for information that might be of assistance in the Government's investigation and identification of the suspect(s) who may have committed the robberies. The Magistrate Judge found that "the cell site information collected by the Government here merely showed the location at which a device accessed a cellular network at a particular time" to determine if it "corresponded with the dates, times, and locations of the robberies." (Doc. 57 at 2,3,6) (quotations omitted). The information collected did not track Defendant's or others' movements in detail over a lengthy period of time or the substance of their communications.

The Court agrees with the Magistrate Judge's overall legal analysis, findings, and recommendation. The Court concludes under the specific facts of this case that the Government was not required to obtain a warrant to obtain the cell tower dumps sought. The Government could properly rely on its application obtaining a Court Order for such information issued pursuant to the provisions of 18 U.S.C. § 2703(d) and the "specific and articulable facts showing that there are

3

reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material" to the ongoing criminal investigation in this matter."

The Supreme Court's decision in *Carpenter* centrally relied on the strong Fourth Amendment privacy interests implicated when law enforcement monitors or obtains voluminous, detailed cell phone information of a person's physical presence compiled over a lengthy period that effectively delineates the contours of the individual's life and communications. The Court held that such government intrusion on an individual's Fourth Amendment rights requires a properly issued search warrant. But the Court expressly declined to reach the question of whether cell phone tower dumps raise the same specter of Fourth Amendment intrusion and interests. *Carpenter*, 138 S.Ct. at 2220.[2] The specific facts presented in this matter portray a sufficiently limited investigation and intrusion; the Court concludes that the Government did not need a warrant to obtain the information at issue. The Court specifically declines to reach the question of whether this would be true in connection with other applications for cell tower dumps.

---

[2] "Our decision today is a narrow one. *We do not express a view on matters not before us: real-time CSLI or "tower dumps" (a download of information on all the devices that connected to a particular cell site during a particular interval)*. We do not disturb the application of *Smith* and *Miller* or call into question conventional surveillance techniques and tools, such as security cameras. Nor do we address other business records that might incidentally reveal location information. *Carpenter v. U.S.*, 138 S.Ct. at 2220. (emphasis provided).

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R [Doc. 57] subject to the specific factual limitation set forth in this Order, overrules Defendant's Objections (Doc. 66) and **DENIES** Defendant's Motions to Suppress (Doc. 37, 43).

**IT IS SO ORDERED** this 20th day of April, 2021.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE