UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number:   1:19-CR-0073-AT-1 |
| | USM Number:   72221-019 |
| THADDEUS RHODES | |
| | <u>Nicole Kaplan</u> |
| | Defendant's Attorney |

**THE DEFENDANT:**

The defendant was found guilty on counts 1 through 16 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1951(a) | Hobbs Act Robbery | October, 2017 | 1, 3, 5, 7, 9, 11, 13, 14, 16 |
| 18 U.S.C. §§ 924(c)(1)(A) and (ii) | Carrying or Using a Firearm During or in Relation to a Crime of Violence | October, 2017 | 2, 6, 10, 12, 15 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 4, 8 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

DEFENDANT: THADDEUS RHODES
CASE NUMBER: 1:19-CR-0073-AT-1　　　　　　　　　　　　　　　　　　　　　　　Judgment -- Page **2** of **8**

March 20, 2023
Date of Imposition of Judgment

*[signature]*
Signature of Judge

AMY TOTENBERG, SENIOR U. S. DISTRICT JUDGE
Name and Title of Judge

March 23, 2023
Date

DEFENDANT:   THADDEUS RHODES  
CASE NUMBER:  1:19-CR-0073-AT-1                                                                                   Judgment -- Page **3** of **8**

---

Judgment in a Criminal Case  
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  ONE (1) DAY on each of Counts 1, 3, 5, 7, 9, 11, 13, 14, and 16 to run **CONCURRENTLY** and EIGHTY-FOUR (84) MONTHS on each of Counts 2, 6, 10, 12, and 15 to run **CONSECUTIVELY** to each other and **CONSECUTIVELY** to Counts 1, 3, 5, 7, 9, 11, 13, 14, and 16 for total term of imprisonment of **FOUR HUNDRED TWENTY (420) MONTHS and ONE (1) DAY.**

The Court recommends that defendant participate in the Bureau of Prisons Educational and Vocational Skills Training Programs.

The Court recommends the defendant be evaluated for enrollment in the Bureau of Prisons intensive drug and alcohol treatment program (RDAP).

The Court finds it essential for defendant to transition to a halfway house if he is to succeed in re-integration into civil society, given his educational and vocational training deficits, the length of his sentence, and other challenges.  Therefore, the Court recommends that defendant be allowed to serve his final **ONE (1) YEAR** of incarceration in a halfway house facility with the final **SIX (6) MONTHS** to be served on home confinement.

The Court recommends that the Defendant be enrolled in individual and group counseling for documented reasons relating to the protection of the defendant from harm.  (See records attached to PSR and Statement of Reasons.)

The Court recommends that defendant serve his term of incarceration at the Bureau of Prisons FCI Jessup or FCI Talladega facilities which are best equipped to addressing Defendant's needs and suitably close enough to the Atlanta area where the Defendant's family is located.

The defendant is remanded to the custody of the United States Marshal.

DEFENDANT:   THADDEUS RHODES
CASE NUMBER:  1:19-CR-0073-AT-1                                                              Judgment -- Page **4** of **8**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   THADDEUS RHODES
CASE NUMBER:  1:19-CR-0073-AT-1                                                                                   Judgment -- Page **5** of **8**

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **THREE (3) YEARS** as to each of Counts 1, 3, 5, 7, 9, 11, 13, 14, 16 and **FIVE (5) YEARS** as to each of Counts 2, 6, 10, 12, 15, all to run **CONCURRENTLY** for a total term of supervised release of **FIVE (5) YEARS**.

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time.

Defendant may move the Court for less restrictive supervision after a period of THREE (3) YEARS of compliance with all terms and conditions of supervision as outlined below.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must not own, possess or have under your control any firearm, dangerous weapon or other destructive device as those terms are defined in 18 U.S.C. § 921 (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   THADDEUS RHODES  
CASE NUMBER:  1:19-CR-0073-AT-1                                                                                              Judgment -- Page **6** of **8**

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so based on your age or other circumstances.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:  www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____   Date _____

USPO's Signature _____   Date _____

DEFENDANT:  THADDEUS RHODES
CASE NUMBER:  1:19-CR-0073-AT-1                                                                           Judgment -- Page **7** of **8**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must participate in a mental health treatment program for a period of SIX (6) MONTHS and follow the rules and regulations of that program.  Such program may require that you submit to an evaluation and / or testing. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.) and determine if a longer period of treatment is appropriate.

You must take all mental health medication prescribed by your treating provider.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must participate in a substance abuse treatment program for a period of THREE (3) MONTHS and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.)

You must submit to substance abuse testing to determine if you have used a prohibited substance for a period of THREE (3) MONTHS. You must not obstruct, attempt to obstruct, or tamper with any testing methods.

You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

DEFENDANT: THADDEUS RHODES  
CASE NUMBER: 1:19-CR-0073-AT-1                                                                                      Judgment -- Page **8** of **8**

Judgment in a Criminal Case  
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

Special Assessment

TOTAL        $1400.00. The Court suspends payment of the special assessment until SIX (6) MONTHS after defendant completes his term of incarceration and is able to work.

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court waives the fine and cost of incarceration in this case.

Fine

TOTAL        $0